CARLTON L. HASKINS, JR., BY GUARDIAN AD LITEM, CARLTON L. HASKINS, SR. v. CAROLINA POWER AND LIGHT COMPANY

No. 7911SC397

(Filed 15 July 1980)

Negligence § 35.1– cable across private driveway – minor driving without lights after dark – contributory negligence as matter of law

In an action to recover for injuries sustained by plaintiff, a 15 year old, when he drove his motorbike into a steel cable which was stretched across defendant's roadway, the trial court properly granted defendant's motion for summary judgment since plaintiff was contributorily negligent as a matter of law in driving his motorbike on defendant's private roadway after dark without a light.

APPEAL by plaintiff from *Smith (Donald L.), Judge*. Judgment entered 31 January 1979 in Superior Court, HARNETT County. Heard in the Court of Appeals 4 December 1979.

The minor plaintiff, by his guardian ad litem, instituted this action for personal injuries as the result of an accident which occurred on a roadway owned by the defendant. The minor plaintiff drove his motorbike into a steel cable which was stretched across the roadway. Defendant made a motion for summary judgment, contending that plaintiff was contributorily negligent as a matter of law. The papers filed in support and in opposition to the motion for summary judgment established the following facts. On 22 April 1977 between 9:00 and 9:30 p.m., plaintiff, 15-year-old boy, drove his motorbike onto the defendant's private roadway. The roadway was unpaved and led to the defendant's substation near Erwin. The motorbike did not have a headlight. Plaintiff was very familiar with the roadway, having operated his motorbike on it "hundreds of times" over a period of several years. Plaintiff had not been on the roadway for approximately two weeks. Approximately three days prior to 22 April 1977, defendant had installed a steel cable across the roadway. The operator of the substation testified by affidavit that the cable was put up each night to prevent vandalism and was in place approximately three feet above the roadway when he left the premises at approximately 5:00 p.m. on 22 April 1977. He also stated in his affidavit that "[a]ttached to the cable was a metal red and white sign with the word 'Danger' on it, a red flag such as used to mark the end of power poles when they are transported by trailer, and a piece of orange surveyor's ribbon or tape." Plaintiff drove his motorbike into this cable and was injured. Plaintiff stated that when he looked at the cable after the accident, he saw only a small "danger" sign on the cable.

The court granted defendant's motion for summary judgment. Plaintiff appealed.

*Pope, Tilghman and Tart, by Patrick H. Pope, for plaintiff appellant.*

*Fred D. Poisson, and Johnson and Johnson, by W.A. Johnson, for defendant appellee.*

WEBB, Judge.

If the documents filed in support and in opposition to the motion for summary judgment forecast evidence, which if offered at trial would entitle the defendant to a directed verdict, the motion for summary judgment was properly allowed. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). If the only reasonable conclusion the jury could make is that the plaintiff, by driving his motorbike on the defendant's roadway after dark without a light, did something a reasonable 15-year-old boy would not have done under the circumstances and he should reasonably have seen that he might collide with a cable or something else on the roadway, the plaintiff was contributorily negligent as a matter of law. *See* 9 Strong's N.C. Index 3d, Negligence §§ 1, 8, and 13 (1977) for definitions of negligence, contributory negligence, and proximate cause. We hold that this is the only reasonable conclusion the jury could make. We believe that at age 15, a person should know that it is dangerous to ride a motorbike at night without lights and that a cable or other object is likely to be on a private roadway which can cause a collision and injury. Summary judgment for defendant was proper.

The plaintiff argues that it could be inferred that he was operating the motorbike at a safe rate of speed; that he was operating it in a prudent manner; that he had it under proper control and used a proper lookout. In answer to these arguments, it was not speed which was the cause of the collision; it was not in a prudent manner to drive without lights; and he could not keep a proper lookout if he did not have a light on the motorbike. Plaintiff also argues that it may be inferred that he could not have seen the cable if it had been daylight or if he had a spotlight on the motorbike. We do not believe we should speculate on either of these hypotheticals. In the case *sub judice*, the plaintiff was not able to see the cable in the dark. *See Starr v. Clapp*, 40 N.C. App. 142, 252 S.E. 2d 220 (1979).

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.